**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**SEVEN CARTONS, MORE OR LESS, Each Containing 12 Bags, Labeled in Part (Carton): "FERRO–LAC SWINE FORMULA CONCENTRATE," etc., Defendant-Appellant.**

No. 17525.

United States Court of Appeals, Seventh Circuit.

April 15, 1970.

O. J. Taylor, Springfield, Mo., Richard E. Quinn, Peoria, Ill., Neale, Newman, Bradshaw & Freeman, Springfield, Mo., Cassidy, Cassidy, Quinn & Lindholm, Peoria, Ill., for appellant.

Frank J. Violanti, U. S. Atty., Springfield, Ill., John C. Young, Dept. of Health, Education & Welfare, Washington, D. C., Max J. Lipkin, Peoria, Ill., Richard E. Eagleton, U. S. Atty., William W. Goodrich, Asst. Gen. Counsel, of counsel, for appellee.

Before KNOCH, Senior Circuit Judge, FAIRCHILD, Circuit Judge, and GRANT, District Judge.[1]

PER CURIAM.

The United States seized seven cartons of Ferro-Lac, alleging in a libel that the Ferro-Lac was unlawfully shipped by reason of (1) its being a new drug, (2) its containing unsafe food additives, and (3) its being misbranded. Claimant, Naremco, Inc., concedes that a finding in favor of the government on any one of the three charges is sufficient to result in condemnation of the product.

The district court, on motion for summary judgment, decided in favor of the government on both (1) and (2). Judge Morgan's opinion is reported, United States v. 7 Cartons, More or Less, Etc. (S.D.Ill., 1968), 293 F.Supp. 660. It is apparent that with respect to both (1) and (2) the critical question goes to the general recognition of the material among a described class of experts as meeting a specified standard. With respect to (1) the question is whether the material is so recognized as safe and effective for use under the conditions suggested in the label. With respect to (2) the question is whether the material is so recognized as having been adequately shown through scientific procedures to be safe under the conditions of the intended use. In neither respect need the government prove that the material is, in fact, unsafe.

The affidavits in support of and opposition to the government's motion for summary judgment are adequately described in Judge Morgan's opinion. We adopt Judge Morgan's opinion with respect to (2), the unsafe food additive issue

Claimant suggests with respect to (1) that Judge Morgan was weighing the assertions of the respective affiants. It is unnecessary to express an opinion with respect to (1) in view of our approval of his decision with respect to (2).

The portion of the judgment of condemnation asserting that the seized article is a new drug is stricken as unnecessary and the judgment is in all other respects affirmed.

1. Chief Judge Grant of the Northern District of Indiana is sitting by designation.